IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL M. NGRIME,** | ) | **CASE NO. 8:08CV23** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **PAPILLION MANOR, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion to Compel (Filing No. 26), Defendant's Motion for Leave to File Supplemental Index of Evidence and Brief (Filing No. 34), and Plaintiff's Motion to Extend (Filing No. 30). As set forth below, Plaintiff's Motion to Compel is denied and the remaining Motions are granted.

### *Plaintiff's Motion to Compel*

In his Motion to Compel, Plaintiff seeks to compel the production of several categories of documents, including: Plaintiff's entire employee file, files and time cards for several employees and former employees, and a "list of African American and African employees" who worked for Defendant between the years 2000 and 2005. (Filing No. 26 at CM/ECF pp. 1-3.) In response, Defendant states that Plaintiff's entire employee file has been produced to him. (Filing No. 31 at CM/ECF p. 2.) Defendant also states that it no longer has an employee file for a former employee named "Aleta," because that employee "quit over eight (8) years ago." (*Id.*) With regard to the remaining documents Plaintiff seeks, Defendant states that it has agreed to produce the documents "if Plaintiff will agree to a protective order." (*Id.*)

The court has carefully reviewed the record and the parties' pleadings regarding discovery in this matter. According to Defendant, it has produced Plaintiff's entire

employee file and it does not have any files for a former employee named Aleta. Plaintiff is apparently not satisfied with Defendant's efforts and still believes his file is incomplete and that documents for former employee Aleta exist. (Filing No. 33 at CM/ECF pp. 1-3.) In order to satisfy Plaintiff's concerns, Defendant shall have until September 24, 2008 to file with the court an affidavit confirming that Plaintiff's entire employee file has been made available to him for copying. Such affidavit shall also set forth the attempts to locate the employee file for former employee Aleta, and if no file is located, shall confirm that no Aleta file is in Defendant's possession.

With regard to the files and time cards for employees and former employees and the list of African and African-American employees, is it clear that Defendant has agreed to produce the requested documents subject to a protective order. (Filing No. 26 at CM/ECF pp 7-9.)[1] In addition, Plaintiff has now substantially narrowed his requests, as set forth in his Reply in support of his Motion to Compel. (Filing No. 33 at CM/ECF pp. 4-5.)

As set forth in Federal Rule of Civil Procedure 26(c):

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .

Fed. R. Civ. P. 26(c)(1). Personnel records may be the subject of a reasonable protective order. *Onwuka v. Federal Express Corp*, 178 F.R.D. 508, 516-17 (D. Minn. 1997).

---

[1] Stated another way, there is no dispute regarding the relevance of the requested documents. The issue is simply how to best protect the privacy of the employees or former employees when the documents are produced.

Contrary to Plaintiff's arguments, Defendant never refused to produce the requested documents. However, Defendant has not sought the issuance of a protective order either. On the court's own motion, Defendant shall have until October 1, 2008 to file a motion for protective order. The parties are strongly encouraged to work together regarding the terms of any protective order and to submit to the court a joint motion for protective order and a proposed order. In the event that Defendant does not deem a protective order necessary in light of Plaintiff's narrowing of his requests, the requested documents shall simply be produced to Plaintiff by October 1, 2008.

### ***Defendant's Motion for Leave to File Supplemental Index of Evidence and Brief and Plaintiff's Motion to Extend***

Defendant requests leave to file a supplemental index of evidence and brief in support of its Motion for Summary Judgment. (Filing No. 34.) For good cause shown, the Motion is granted. Defendant shall electronically file its Supplemental Index of Evidence and Brief as separate documents.

Also pending before the court is Plaintiff's Motion to Extend the Time to respond to Defendant's Motion for Summary Judgment. (Filing No. 30.) Plaintiff argues that additional time is necessary because he cannot respond to the Motion for Summary Judgment until he receives the documents which are the subject of the Motion to Compel. (*Id.*) Defendant does not object to Plaintiff's Motion. (Filing No. 32.) In accordance with this Memorandum and Order, Plaintiff should have all of the requested documents on or before October 1, 2008. In light of this, Plaintiff shall have until October 31, 2008 to respond to Defendant's Motion for Summary Judgment.

3

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Compel (Filing No. 26) is denied;

2. No later than **September 24, 2008**, Defendant shall file with the court an affidavit confirming that Plaintiff's entire employee file has been made available to him for copying. Such affidavit shall also set forth the attempts to locate the employee file for former employee Aleta. If no file for Aleta is found, the affidavit shall confirm that fact;

3. Defendant shall have until **October 1, 2008** to file a motion for protective order in accordance with this Memorandum and Order. The parties are strongly encouraged to work together regarding the terms of any protective order and to submit to the court a joint motion for protective order and a proposed order;

4. In the event that Defendant does not deem a protective order necessary in light of Plaintiff's narrowing of his requests, the requested documents shall simply be produced to Plaintiff by **October 1, 2008**;

5. Defendant's Motion for Leave to File Supplemental Index of Evidence and Brief (Filing No. 34) is granted. Defendant shall electronically file these two documents separately using CM/ECF;

6. Plaintiff's Motion to Extend (Filing No. 30) is granted. Plaintiff shall have until **October 31, 2008** to file a response to Defendant's Motion for Summary Judgment; and

7. The Clerk of the court is directed to set a pro se case management in this matter with the following text: October 31, 2008: Deadline for Plaintiff to respond to motion for summary judgment.

DATED this 11th day of September, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4